UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONI0 PARM0 MORALES, | 1: 05-CV-0057 AWI WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| THOMAS L. CAREY, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  Respondent has filed an answer to the petition.

**PROCEDURAL HISTORY**

On February 19, 2003, following a jury trial in Kern County Superior Court, Petitioner was convicted of one count of unlawfully taking or driving a vehicle (Veh. Code § 10851(a)), one count of receiving a stolen motor vehicle (Pen. Code § 496d), and one count of possession of a firearm by a convicted felon (§ 12021(a)(1)).  Additionally, it was alleged that Petitioner has a prior strike (§§ 667(c)-(1) & 1170.12(a) - (e)) and a prior prison term (§§ 667.5(b) & 1170,12(a) -(e)), as to all counts.  On March 20, 2003, the court sentenced Petitioner to serve a prison term of eight years and four months.  The court stayed the sentence for count 2 (§ 654) and stayed all but sixteen months of

the sentence for count 3 until successful completion of count 1.

Petitioner filed a direct appeal from his conviction. On March 19, 2004, the Court of Appeal affirmed the judgment, with modification. A one-year prior prison term enhancement was stricken. The sentence in count 3 was corrected to impose a four-year term.

On July 15, 2004, the Kern County Superior Court amended the abstract of judgment in accordance with the Court of Appeal's opinion. The California Supreme Court denied Petitioner's petition for review on June 9, 2004. Petitioner did not file a habeas corpus petition in any state court.

Petitioner filed the present petition on January 13, 2006.

**LEGAL STANDARD**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable."  Id. (citations omitted).

When the California Supreme Court's opinion is summary in nature, this court "looks through" that decision and presumes it adopted the reasoning of the California Court of Appeal, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v.

Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

In claim one of his petition, Petitioner contends that judgment as to counts 1 and 2 must be reversed due to a lack of sufficient evidence that Petitioner intended to deprive the owner of possession or had knowledge the vehicle was stolen.[1] Respondent disputes this contention.

The law on insufficiency of the evidence claim is clearly established. The United States Supreme Court has held that when reviewing an insufficiency of the evidence claim on habeas, a federal court must determine whether, viewing the evidence and the inferences to be drawn from it in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Sufficiency claims are judged by the elements defined by state law. Id. at 324 n. 16.

In addressing this contention, the Court of Appeal found as follows:

> Defendant argues that the two theft counts must be reversed because there is insufficient proof that he knew the vehicle was stolen. We disagree. Essentially, "[w]hat this argument overlooks is that it is beyond the province of this court to reweigh the evidence." [Citation.] On appeal, we presume in support of the judgment the existence of every fact the trier reasonably could deduce from the evidence. (*People v. Johnson* (1980) 26 Cal. 3d 557, 576.) "'[W]hen two or more inferences can reasonably be deduced from the facts as found, a reviewing court is without power to substitute its deductions for those of the trial court or jury.'" [Citation.] In this case, the surround circumstances amply support an inference that defendant knew the car was stolen. First, Contreras testified that defendant picked her up in the car within two hours from the time it was stolen. "Mere possession of a stolen car under suspicious circumstances is sufficient to sustain a conviction of unlawful taking." [Citation.] Second, defendant never offered an innocent explanation for his acquisition of the vehicle. "Where recently stolen property is found in the conscious possession of a defendant who, upon being questioned by the police . . . remains silent under circumstances indicating consciousness of guilt, an inference of guilt is permissible. [Citation.]

---

[1] Claims two and three of Petitioner's petition were resolved in his favor by the Court of Appeal. Thus, the court finds that these claims are not properly before this court and present no basis for relief.

1      The court agrees with Respondent that the Court of Appeal's decision was not contrary to the
2 Supreme Court precedent as set forth in Jackson v. Virginia.  While the Court of Appeal did not cite
3 Jackson in evaluating Petitioner's claim, it did cite People v. Johnson, in which the California
4 Supreme Court explained the standard for sufficiency of evidence claims as being the same as that in
5 Jackson.  People v. Johnson, 26 Cal.3d at 578.  Further, as Respondent argues, the Court of
6 Appeal's decision was not an unreasonable application of Jackson.  Petitioner's possession of the car
7 was circumstantial evidence that Petitioner was driving and had received a stolen vehicle.  Petitioner
8 did not provide an innocent explanation for his possession of the vehicle.  Finally, the removal of the
9 car stereo was additional circumstantial evidence supporting theft rather than an innocent
10 explanation.
11     In light of the above, the court finds that Petitioner has not carried his burden of
12 demonstrating that the Court of Appeal's decision "resulted in a decision that was contrary to, or
13 involved an unreasonable application of, clearly established Federal law, as determined by the
14 Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable
15 determination of the facts in light of the evidence presented in the State Court proceeding." 28
16 U.S.C. § 2254(d).  Accordingly, the court concludes that habeas corpus relief is not warranted.

## CERTIFICATE OF APPEALABILITY

18     Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner cannot
19 proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28 U.S.C. §
20 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or

1 issues satisfy the showing required by paragraph (2).

2 In the present case, the court finds no denial of a constitutional right. Given the deferencial standard found in <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979), reasonable jurists would not disagree over whether a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Accordingly, a certificate of appealability will be denied.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) This petition for writ of habeas corpus is DENIED;

2) A certificate of appealability is DENIED;

3) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   March 13, 2008**                     **/s/ Anthony W. Ishii**
                                                              UNITED STATES DISTRICT JUDGE